CONRAD SCHNELL

*v.*

HENRY J. CLEMENTS *et al.*

1. MECHANIC'S LIEN—*against estate by the curtesy, can not affect the rights of wife.* Where property belongs to a married woman, subject to an estate by the curtesy in her husband, she has no such interest in the subject matter of

a suit to enforce a mechanic's lien against her husband's estate in the property, as to entitle her to become a party to such suit, either on her own application or that of other parties, nor can her interest in the property be affected in such suit.

2. Same—*consolidating suits.* It is proper to consolidate suits brought by a contractor against the owner of ground, to enforce a mechanic's lien, and a like suit brought by a sub-contractor against such owner and principal contractor, where both suits relate to the same subject matter.

3. Same—*decree, as between contractor and sub-contractor.* Where the jury finds that there is due from the owner of a building to the contractor a certain sum, and from said contractor to a sub-contractor, who was a party to the suit, another sum, it is proper for the court to put the verdict in form by finding in the decree that there is due from the owner to the contractor the aggregate of both sums, out of which aggregate there is due from the contractor to the sub-contractor the sum so found by the verdict to be due to him.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. Robert F. Winslow, for the appellant.

Messrs. J. C. & J. J. Knickerbocker, for appellee Louis H. Ellickson.

Mr. C. M. Hardy, for appellee Henry J. Clements.

Mr. Justice Sheldon delivered the opinion of the Court:

These were petitions to enforce mechanic's liens, brought by Clements and Ellickson, appellees, against Conrad Schnell, appellant.

Caroline Schnell, the wife of appellant, was, at the time of the making of the contract by appellant, for the erection of the block of buildings for which the liens were claimed, the owner in fee simple of the land whereon the same were erected, subject to an estate in her husband, Conrad Schnell, as tenant by the curtesy. On the 22d day of March, 1872, Conrad Schnell entered into a contract, in writing, with Clements, to do the carpenter and joiner's work of the buildings, the work to be completed on or about July 15, 1872. Subsequently, Ellickson contracted with Clements for the doing of certain portions of the carpenter work. On the 22d of November,

1872, Ellickson, as a sub-contractor, filed in the circuit court of Cook county his petition for a lien on the premises, making Clements, Conrad Schnell and Caroline Schnell, defendants. February 4, 1873, Clements filed his petition in the same court for a lien on the premises, making Conrad Schnell, alone, defendant. On December 3, 1873, the suit of Clements came on for trial, and on the 5th of said month, while the cause was on trial, on motion of Ellickson, his suit was, by order of the court, consolidated with the one of Clements, and the trial was proceeded with, and the jury found that there was due from appellant to Clements $2,142.79, for which he was entitled to a lien, and also that Ellickson had a claim of $530 against Clements and against the premises, and was entitled to the benefit of the lien; and the court decreed liens upon the premises to the extent of the interest of Conrad Schnell therein, in favor of Clements for $2,142.79, and in favor of Ellickson, for $530, and for the sale of Conrad Schnell's interest only in the premises. He brings an appeal to reverse the decree, assigning numerous errors.

It is insisted that the court erred in denying the motion to make Caroline Schnell a party to the proceedings. There was no motion to make her a party until the trial of the suit of Clements, wherein she had not been made a party, had proceeded so far that both sides had introduced their evidence, and it had come to plaintiff's rebutting testimony, when, and after the suits had been consolidated, and defendant's motion for a continuance overruled, defendant's counsel then moved to make Mrs. Schnell a party to the proceedings. The application did not appear to come from her, or to be made in her name, or by her authority or knowledge. Besides, she had not such an interest in the land as made her a necessary party. The statute provides, that all persons interested in the subject matter of the suit, or in the premises intended to be sold, may, on application, become parties, etc. Mrs. Schnell had no interest in the estate in the premises intended to be sold. She owned the fee, subject to her husband's life estate. There was no claim to affect her interest. The premises in-

tended to be sold, and which were ordered to be sold, was Conrad Schnell's interest, separated wholly from that of his wife. We do not perceive what interest she had to contest the petitioner's claim, or the existence of an estate by the curtesy in her husband, as, whatever might be the adjudication of the court upon those points, it would not conclude, nor, that we can see, in any way affect, her rights.

It is next insisted that the consolidation of the suits was improper. We think otherwise, and that the consolidation of the suits was even for the benefit of appellant, so that his liability and the precise measure of it, to each lien claimant, might be settled in one proceeding, in which both the claimants were parties, and where the result would be binding upon both of them.

It is insisted that the court erred in overruling defendant's motion for a continuance.

After the order of consolidation was made the defendants' counsel moved for a continuance of the cause, on the ground that he was taken by surprise in permitting Ellickson to become a party defendant in the suit, and that he was not prepared to defend against the claim of Ellickson without a sufficient time being allowed, and a continuance of the cause; which motion the court overruled. The affidavit was general, stating no facts to show that defendant was surprised to his prejudice, or wherein he lacked preparation, or needed to prepare to defend against Ellickson's claim. It is not apparent how the validity or amount of Ellickson's claim should have affected appellant. Whatever was due to Ellickson reduced Clements' claim, but could not increase it. Clements was the only person interested in Ellickson's claim, and from the time Ellickson came into the case, the whole contest, as appears from the record, was between him and Clements. There was, then, no additional claim for Schnell to defend, and we think the court properly overruled the motion to continue, it not being perceived how there could have been any injurious surprise.

Appellant moved, in the court below, to dismiss the suit

because the time of payment was not definitely fixed by the contract, and insists that there was error in the overruling of this motion. The provision of the contract was, that eighty-five per cent of the value of the work should be paid as the work progressed, and as might be certified by the superintendent, and the remaining fifteen per cent as might be certified by the superintendent, and upon the full completion and acceptance of the whole job by the superintendent. As the Lien act provides that the time of completing the contract shall not be extended for a longer period than three years, nor the time of payment beyond the period of one year from the time stipulated for the completion thereof, it is supposed by appellant's counsel that the time named in the contract for the last payment, in reference to the time of completion, conflicts with the statute requirement. But, although, should there be a failure to complete the work by the time stipulated, it might in such case be said that the exact time of payment had not been definitely fixed by the contract, yet we can not see that the above provision of the contract militates against the statute, by extending "the time of payment beyond the period of one year from the time stipulated for the completion of the contract."

We perceive no error in the ruling of the court upon instructions.

It is objected, that the decree of the court was not in accordance with the verdict, inasmuch as the jury found that the defendant was indebted to Clements in the sum of $2,142.79, and the decree found there was due to Clements the sum of $2,672.79. But the jury also found that Ellickson had a claim of $530 against Clements and against the premises, and was entitled to the benefit of the lien.

The decree of the court, that there was due to Clements the sum of $2,672.79, $530 of which sum was due from Clements to Ellickson, as a sub-contractor, was no substantial departure from the finding of the jury, and was no more than the reducing of their verdict into form, as the court is authorized by statute to do.

It is objected to the decree, that it declares the lien shall be

to the extent of the interest of Conrad Schnell in the premises, without naming explicitly to what estate the lien should attach. But in another part of the decree it is found that the estate of Schnell in the premises was that of a tenancy by the curtesy, so that there is no force in the objection.

Finding no error in the record the decree is affirmed.

*Decree affirmed.*